CONNECTICUT MUT. LIFE INS. CO. v. MARY E. MOSS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6– 49.]

**Insurance Contract—Construction.**

No statement, whether false or true, contained in an application will void an insurance policy unless it was material to the risk.

**Interrogatories to the Jury.**

It was proper for the trial court in a suit to recover on a life insurance policy to refuse to propound to the jury an interrogatory as to whether the deceased was "at any time prior to the date of said application, affected with cerebral amaurosis," and the court properly propounded to the jury this question, "Did Henry S. Moss, at the time of making the application for insurance, have cerebral amaurosis?"

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

June 7, 1884.

OPINION BY JUDGE HARGIS:

The terms of the present application and policy are similar to those of the case of *Germania Ins. Co. v. Rudwig*, 80 Ky. 233, 3 Ky. L. 712, and the rules of law therein laid down are applicable to the construction and interpretation of the contract in this case. No statement, whether true or false, contained in the application can operate to avoid the policy unless it was material to the risk; and in the light of the various questions in the application which relate to answers conveying or omitting to convey material information, this policy must be construed as having been made in conformity to that rule of law which is ample to protect the company from fraud, misrepresentation or concealment whereby it might be injured or led into a contract of insurance which it would not otherwise have made. The appellant complains of various rulings of the lower court which will be considered in the order made.

1. The court refused to put to the jury interrogatories 2 and 4, asked by the appellant. Those interrogatories were as follows: 2. "Was said Henry S. Moss, at any time prior to the date of said application, affected with cerebral amaurosis?" 4. "Is cerebral amaurosis a serious disease?" In lieu of them the court submitted this question: 1. "Did Henry S. Moss, at the time of making the application for insurance, have cerebral amaurosis?" In answer the jury found he did not. This was the proper scope of the question because it was not a disease which was inheritable and transmissible, and if free from it when the application was made there could be no verdict based upon its existence; if such was the case, twenty years before the date of the policy.

2. The second interrogatory propounded by the court covered the whole period during which the appellant claimed that the disease named in it existed, or at least to which all evidence offered by appellant pointed; and the appellant had no right to a drag net question which covered the greater portion of the lifetime of the deceased when there was no evidence tending to show the existence of the disease at any other period than that comprised in the in-

terrogatory.  The verdict of the jury responded to the question in the negative, and that verdict is not palpably against the weight of the testimony; in fact it is supported by strong probability Here we may dispose of the hearsay evidence and unskilled opinions of Wilson and Taylor.  Their evidence as to what Moss said to them about the disease shows, if true, that he simply narrated his condition, and that at a time long before the appellant insured his life or became interested in the subject the narrative related to.  In another view the declarations were the opinions of Moss and not the result of pains and suffering, and descriptive of symptoms and evidences of the alleged disease at the time.  The medicine he said he was taking, and the character and color of the sores on the body which the witnesses claim to have seen and which they were allowed to prove, do not necessarily evidence the existence at that time of the supposed disease, and they were all the facts which the witnesses really detailed.  The opinion of Moss narrating his belief of his condition was of no more value than that of any other unskilled witness, and does not belong to that class of exclamations and complaints which accompany and describe present pain and malady.  For a sick man to say he has yellow fever, smallpox or flux is no evidence of the existence of such a disease; that is merely his opinion.  But if he tells how he feels, what pains are racking, shows the locality of it, and by his language gives out symptoms of his disease whereby it may be ascertained, that is evidence of his real condition and may be proved.  Nothing of this kind can be gathered from the alleged declarations of Moss, and for this reason as well as for the reason that they were made when the appellant had no interest in their subject-matter, they were incompetent and properly excluded.  *Rowls v. American Life Ins. Co.*, 1 Biglow Life & Accident Ins. Rep. 561.·  The opinion of Wilson, who was a watch-fixer and dentist, were properly excluded as to the disease and the qualifying adjective which he applied to the blotches, for he was not an expert and knew nothing scientifically about the disease..

3.  The father of Henry S. Moss when he died was about seventy-five years old, and the testimony is conflicting as to whether he died of paralysis, asthma or old age, or all combined. The jury found that he died either of paralysis or asthma or both

combined, and they might just as well have said "or old age," for had he been in middle-life the character of the supposed paralysis or palsy, which so often belongs to old age or worn out new men, would not in all probability have carried him off. The jury also found that the answer of Henry S. Moss in his application, that he did not know what disease his father died with, was true, and their verdict also shows that neither themselves nor any one else knew the precise cause of his death, and we see no reason for avoiding the policy or interfering with the verdict on this ground.

4. Henry S. Moss stated in his application that his brother, Thomas G. Moss, was in moderate health. This the jury found to be true, and the evidence of Dr. Yandell, the age and crippled condition of Thomas G. Moss, with the unhealthy habit of using hair dye, furnish ample ground for this finding.

5. The evidence is sufficient to sustain the verdict that the maternal grandfather (James Spillman) of Henry S. Moss did not died of paralysis.

6. Henry S. Moss stated that his mother died of old age. She was about three score and ten when she died, and according to the verdict of the jury she was paralyzed some years before her death and had never entirely recovered from it. There is no finding, however, that she did not die of old age; nor is it necessarily inferable from the response of the jury that paralysis contributed to her death. It is true she had not entirely recovered, but that does not prove that Henry S. Moss' statement that she died of old age was not true. The court did not err in refusing to give judgment in favor of appellant on that finding of the jury. The effort of the appellant after ransacking the family history, lineal and collateral, to show constitutional and transmissible disease in Henry S. Moss or his kindred, was not sufficient to satisfy the jury of any material fact supporting that view, and we can not say that any of the answers of the jury were palpably against the evidence. The ages of the family seemed to be so far beyond the ordinary lifetime of man, and the descendants of Henry S. Moss free from any inherited diseased taint of flesh or blood, that we are from all the facts of this voluminous record and the intelligent expert evidence it contains convinced that each and every ground of the defense made by the appellant was specious and

without material foundation.   The prayer of the petition was for $20,000 and the interest thereon from the date it was given by the jury.   This prayer was sufficiently specific to authorize the recovery of the interest, which was added to the principal and judgment rendered for the aggregate sum that bears interest from the judgment's date.   This was right and is sustained by the cases of *Kelly v. Smith,* 1 Metc. (Ky.) 313; *Turpin v. Turpin's Admr.,* 11 Ky. Opin. 802, 4 Ky. L. 438, and other subsequent authorities. Wherefore the judgment is *affirmed.*   Judge Lewis not sitting.

*Bullock & Anderson,* for appellant.

*Isaac Caldwell, John Russell,* for appellees.